In re Richard A. PFLIGER, a/k/a Dick Pfliger, and Patricia Pfliger, Debtors.

UNITED BANK OF BISMARCK, Plaintiff,

v.

Richard A. PFLIGER, a/k/a Dick Pfliger, and Patricia Pfliger, Defendants.

Bankruptcy No. 85–05131.
Adv. No. 85–7066.

United States Bankruptcy Court, D. North Dakota.

Dec. 10, 1985.

Charles Johnson, Bismarck, N.D., for United Bank.

James Coles, Bismarck, N.D., for debtors.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtors on November 27, 1985 moved for dismissal of the above captioned adversary proceeding asserting that the Complaint fails to state a claim upon which relief can be granted.

This adversary case originated by Complaint filed by United Bank of Bismarck on November 15, 1985 and as later amended on November 29, 1985. By its Complaint captioned, "Complaint to Determine Dischargeability of Debt" the Bank sets out alleged facts in support of an action under section 727(a)(2) of the Bankruptcy Code. In its prayer for relief it asks that the Debtors' obligation to it be declared nondischargeable.

The Debtors filed their petition under Chapter 11 and by the instant motion they assert that the provisions of section 727 do not apply to proceedings under Chapter 11.

Section 727 of subchapter II of Chapter 7 provides the Court shall grant the debtor a discharge unless the trustee or a creditor object to the granting of a discharge upon one of the grounds set forth in subsection

(a). Section 103(b) of the Code provides that "subchapters I and II of Chapter 7 of this title apply only in a case under such chapter". It would thus seem at first blush that the Debtors are correct in their assertion. Courts have held that the grounds for discharge set forth in section 727 apply only in Chapter 7 bankruptcies. *In re Bloom*, 3 B.R. 467, (Bankr.C.D.Cal. 1980).

█ In Chapter 11 cases however, there is a limited instance where a section 727 challenge to discharge may be asserted. Section 1141(d)(1)(A) provides that the effect of a Chapter 11 Plan Confirmation is to discharge the debtor from any debt that arose before the date of such confirmation. Chapter 11 does not contemplate filing of objections to discharge in every case but Rule 4004 of the Rules of Bankruptcy Procedure does allude to the existence of such right in certain circumstances. The circumstance is set forth in section 1141(d)(3)(C):

"The confirmation of a plan does not discharge a debtor if-the debtor would be denied a discharge under section 727(a) of this title *if* the case were a case under Chapter 7 of this title. (emphasis added)"

*See In re Langholf*, 37 B.R. 414 (Bankr.N. D.Ill.1984). In order to maintain a complaint objecting to discharge of a debtor in Chapter 11, the plan which the debtor proposes for confirmation must be a liquidating plan which in its effect essentially places the debtor in the same posture he would be in had he filed under Chapter 7 in the first place. Only in this instance does a Chapter 11 creditor have the right to maintain a cause of action under section 727(a). Specifically, if the plan provides for liquidation of all or substantially all of the property of the estate and if the debtor would be denied a discharge under section 727(a) if the case were under Chapter 7 then the debtor will not be granted a Chapter 11 discharge.

█ In the instant case United Bank in addition to proving the elements of section 727(a) must as a preliminary matter estab-

lish that the Debtor is proposing a liquidating plan. A review of the main file discloses that the Debtors filed a Chapter 11 Plan on October 1, 1985. The Plan as filed reveals that the Debtors intend on continuing with their farming and ranch operation over the life of the Plan and intend on retaining all property of the estate. The Plan as presently proposed is not a liquidating Plan. Hence, the Bank's cause of action in the instant adversary proceeding fails to establish in the first instance a basis upon which relief can be granted under section 1141(d)(3)(C) of the Code.

Accordingly and in light of the foregoing the Debtors' Motion for Dismissal is GRANTED without prejudice and without costs.

SO ORDERED.